IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**

**GARY BRECKA**, an individual,

      Plaintiff,

      v.

**THE INDIVIDUALS, ENTITIES,** and
**UNINCORPORATED ASSOCIATIONS
D/B/A GROUNDINGWELL AND
WELLNESS TODAY**,

      Defendants.
_____/

Case No.:

## VERIFIED COMPLAINT

Plaintiff, Gary Brecka (hereinafter "Brecka" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, The Individuals, Entities, and Unincorporated Associations d/b/a "GroundingWell" and "Wellness Today" (hereinafter "Defendants") and allege as follows:

### NATURE OF THE ACTION

This is an action for federal and common law unfair competition, Florida statutory right of publicity, and common law invasion of privacy arising from Defendants' use of Brecka's name, image, and likeness without Plaintiff's authorization to create marketplace confusion and to falsely suggest that Brecka is affiliated with Defendants and endorses Defendants' products. Defendants' conduct is unlawful and must be enjoined.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's clam for federal unfair competition under 28 U.S.C. § 1331, in that said claims arise under the laws of the United States, 15 U.S.C. § 1125(a). This court has supplemental jurisdiction under 28 U.S.C. § 1367 over

1



Plaintiff's claims for Florida statutory right of publicity, common law invasion of privacy, and common law unfair competition as such claims are so related to the federal unfair competition claim as to form the same case and controversy.

2.  Alternatively, this Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

3.  This Court has personal jurisdiction over Defendants in that they do business in the State of Florida and in this District. Defendants purposefully availed themselves of the State of Florida by targeting the unlawful advertisements complained-of herein to customers in the State of Florida and providing an interactive website that permits customers in the State of Florida to shop for and purchase product. Additionally, upon information and belief, Defendants have in fact fulfilled orders made by customers in the State of Florida, including orders for product purchased from the unlawful advertisements at issue in this lawsuit.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

5.  Plaintiff Gary Brecka is an individual over the age of eighteen, a citizen of the State of Florida, and is otherwise *sui juris*.

6.  Upon information and belief, the Individuals (the "Individual Defendants"), at least one of which has (or had) held itself out as "GroundingWell" and "Wellness Today" with business operations located at 4475 Eucalyptus Avenue, Unit 220, Chino, CA 91710, and No. 18 Chengyun Road Xiangcheng District, 215000 Suzhou City, Jiangsu Province People's Republic of China, are individuals whose names are unknown. The names and addresses of the other Individual

2



Defendants are currently unknown. Plaintiff will amend the Complaint to allege the names and capacities of the Individual Defendants when ascertained.

7. Upon information and belief, the Entities and Unincorporated Associations (the "Corporate Defendants") are entities, at least one of which has (or had) held itself out as "GroundingWell" and "Wellness Today" with business operations located at 4475 Eucalyptus Avenue, Unit 220, Chino, CA 91710, and No. 18 Chengyun Road Xiangcheng District, 215000 Suzhou City, Jiangsu Province People's Republic of China. The names and addresses of residence of the other Corporate Defendants are currently unknown. Plaintiff will amend the Complaint to allege the names and capacities of the Corporate Defendants when ascertained.

8. Upon information and belief, the Individual Defendants directed, controlled, ratified, participated in, or were otherwise the moving force behind the alleged unlawful activity and, therefore, are personally liable for the Corporate Defendants' acts of unfair competition, violation of Plaintiff's right of publicity, and invasion of privacy without regard to alter ego liability or piercing the corporate veil.

**FACTS COMMON TO ALL COUNTS**

I. **Plaintiff's Business and "Grounding"**

9. Brecka is a human biologist, "biohacker," co-founder of the wellness company 10X Health, and the owner, host, and publisher of The Ultimate Human podcast (the "Podcast") through his entity Ultimate Human, LLC ("Ultimate Human").

10. Brecka holds a BS in Biology from Frostburg State University and a BS in Human Biology from the National University of Health Sciences School of Chiropractic Medicine.

11. Brecka has more than 20 years of bio-hacking and functional medicine experience and is frequently invited to speak at major health and wellness conferences across the country.

3



12. Brecka works with clients ranging from CEOs to celebrities and professional athletes from the Ultimate Fighting Championship ("UFC"), NFL, and Professional Boxing. Notable clients include Dana White, the CEO and President of the UFC.

13. Brecka is world-renown and effectively is a celebrity in the health and wellness space, with an online audience of millions of persons. Brecka's personal social media accounts, and those associated with the Podcast, total over 3.3 million followers across Facebook, Instagram, TikTok, YouTube, and X.

14. Brecka uses his platform to extoll the benefits of wellness practices that he believes in, including grounding and earthing, and to partner with only a select group of producers whom he knows meet a high standard of quality and efficacy so as to not negatively affect the health of, or his credibility with, his loyal fanbase.

15. Based on Brecka's expertise and recognition in the health and wellness industry, his name, image, and likeness—and any attendant endorsement, affiliation, or sponsorship—is commercially valuable and sought after by producers in, or those who are looking to target, the health and wellness space.

16. Guests on the Podcast include Dana White, David Grutman (hospitality entrepreneur and proprietor of the LIV nightclub at Fontainebleau Miami Beach), Stephen A. Smith (ESPN television personality and sports journalist), Steve Aoki (DJ and music producer), and Steve Harvey (comedian and television personality).

17. Brecka also has featured as a guest on other podcasts, including The Joe Rogan Experience. According to Spotify, The Joe Rogan Experience is the most popular podcast in the United States and worldwide. On YouTube alone, The Joe Rogan Experience has 16 million

4



subscribers. A 15-minute video clip from the Brecka's guest appearance, posted on The Joe Rogan Experience YouTube channel, has over 1 million views.

18. In July of 2023, Brecka was a guest lecturer at the Build23 Conference in San Antonio, Texas. On July 19, 2023, Build23 published Brecka's lecture to YouTube (the "Lecture"). In the Lecture, Brecka extolled the virtues of "grounding" or "earthing;" that is, simply making direct contact between the surface of the earth and one's bare feet. The Lecture has over 140,000 views on YouTube.

19. In other speaking engagements and on the Podcast, Brecka has discussed the use of a pulsed electromagnetic field ("PEMF") therapy mat as a substitute for grounding. However, Brecka has not endorsed any particular PEMF mat or related grounding product.

**II.     Unauthorized Use of Brecka's Name, Image, and Likeness**

20. Defendants operate an online business through channels including the website www.groundingwell.com.

21. Defendants purport to sell products that "help you stay grounded and connected wit the earth's healing power when you are indoors," including the GroundingWell Mat, a PEMF therapy mat, and the GroundingWell Bedsheet, a bedsheet with a "grounding cable" that plugs into the grounding socket of an electrical outlet.

22. In November of 2023, Defendants began running advertisements across various social media platforms—including Facebook and Instagram—that featured Brecka's name, image, and likeness without Brecka's knowledge or consent.

23. On November 16, 2023, Defendants began running an advertisement (the "First Ad") featuring a clip from the Lecture where Brecka discusses the benefits of grounding. The

5

12726770-1



201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

First Ad then transitions to a discussion of the GroundingWell Mat, specifically, with a different narrator.  A screenshot of the First Ad is attached as **Exhibit A**.

24. On November 28, 2023, Defendants began running an advertisement (the "Second Ad") featuring the same clip from the Lecture.  However, once that clip ends, the Second Ad transitions to footage of the GroundingWell Bedsheet with digitally manipulated, artificially-generated (colloquially, "deepfake") audio of Brecka explaining how the GroundingWell Bedsheet works, why it is beneficial, and its product specifications.  The deepfake audio of Brecka concludes by imploring viewers to "click the link below to get yours today."  A screenshot of the Second Ad is attached as **Exhibit B**.

25. Defendants' Meta Business Account continues to run numerous versions and iterations of the First and Second Ads.  All of the advertisements include a link to "shop now" at groundingwell.com.

26. Almost immediately after Defendants' advertisements went live, customers familiar with Brecka reached out to Brecka personally and through social media, to inform him that they had purchased Defendants' grounding products after watching the advertisements featuring Brecka's name, image, and likeness.

27. As a result of the Defendants' advertisements and promotion of the GroundingWell Mat and GroundingWell Bedsheet using Brecka's name, image, and likeness, the relevant consumers mistakenly believed that Brecka was affiliated with Defendants and otherwise endorsed Defendants' products, when in fact he does not.

28. Upon learning of Defendants' unlawful conduct, the undersigned sent to Defendants a letter on December 11, 2023, requesting that Defendants cease and desist from all use of Brecka's name, image, and likeness and other Brecka and Ultimate Human content or

6

12726770-1


201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

intellectual property in any and all forms (the "Letter").  On December 28, 2023, the undersigned sent the Letter to a second email address affiliated with Defendants.  Defendants never responded and continue to run the advertisements featuring Brecka's name, image, and likeness.

## COUNT I
## FEDERAL UNFAIR COMPETITION AND FALSE ENDORSEMENT
## IN VIOLATION OF 15 U.S.C. 1125(a)

Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 28, as if fully stated herein.

29. Plaintiff has the exclusive right to use and license the use of his name, image, and likeness for commercial and advertising purposes and has the right to prevent the unauthorized use of the same.

30. Defendants are using Plaintiff's name, image, and likeness in a manner that falsely suggests that Plaintiff is affiliated with or sponsors and endorses Defendants and Defendants' products.

31. Defendants falsely represent to the public that the Defendants and/or Defendants' products are authorized, endorsed, sponsored, or otherwise approved by Plaintiff.

32. Defendants' acts have caused and are likely to cause confusion or mistake or deceive the public and potential and actual customers into believing that Defendants and/or Defendants' products are affiliated with, sponsored by, or somehow connected with Plaintiff.

33. Defendants have acted with full knowledge of Plaintiff's rights in and to his name, image, and likeness and with the intent to cause confusion or mistake or to deceive the public.

34. By using and continuing to use Plaintiff's name, image, and likeness, Defendants are trading upon the valuable goodwill which has been developed by Plaintiff through years of advertising and promotion.

35. Defendants' unlawful acts were not authorized or licensed by Plaintiff.

7



36. Defendants' unlawful acts constitute unfair competition, making false or misleading representations of fact, and false endorsement in violation of 15 U.S.C. § 1125(a).

37. Plaintiff has been, and will be, irreparably damaged by Defendants' acts of unfair competition and false endorsement in that consumers are likely to be induced into dealing with Defendants in the mistaken belief that Defendants' products are authorized, endorsed, sponsored, or otherwise approved by Plaintiff.  Plaintiff has suffered and, unless Defendants are restrained from continuing the wrongful acts, will continue to suffer serious and irreparable harm for which he has no adequate remedy at law.

## COUNT II
## FLORIDA RIGHT OF PUBLICITY
## IN VIOLATION OF FLA. STAT. § 540.08

Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 28, as if fully stated herein.

38. Plaintiff has the exclusive right to use and license the use of his name, image, and likeness for commercial and advertising purposes and has the right to prevent the unauthorized use of the same.

39. Defendants, without consent or authorization from Plaintiff, intentionally and willfully published and displayed across various social media platforms video clips featuring the name, image, or other likeness of Plaintiff for commercial or advertising purposes.  Namely, Defendants without authorization used Plaintiff's name, image, and likeness to suggest that Plaintiff endorses or sponsors Defendants' products and services.

40. Defendants derived a commercial benefit from the unauthorized use of Plaintiff's name, image, and likeness.



41. As a direct and proximate result of Defendants' unauthorized use of Plaintiff's name, image, and likeness, Plaintiff suffered actual damages.

42. None of the exceptions set forth in Fla. Stat. § 540.08(4) apply to Defendants' unauthorized publication and display of Plaintiff's name, image, and likeness. Plaintiff has suffered and, unless Defendants are restrained from continuing the wrongful violation of Fla. Stat. § 540.08, will continue to suffer serious and irreparable harm for which he has no adequate remedy at law.

## COUNT III
## FLORIDA COMMON LAW INVASION OF PRIVACY

Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 28, as if fully stated herein.

43. Plaintiff has the exclusive right to use and license the use of his name, image, and likeness for commercial and advertising purposes and has the right to prevent the unauthorized use of the same.

44. Defendants, without consent or authorization from Plaintiff, willfully and intentionally published and displayed across various social media platforms video clips featuring the name, image, or other likeness of Plaintiff for commercial or advertising purposes. Namely, Defendants without authorization used Plaintiff's name, image, and likeness to suggest that Plaintiff endorses or sponsors Defendants' products and services.

45. Defendants derived a commercial benefit from the unauthorized use of Plaintiff's name, image, and likeness.

46. As a direct and proximate result of Defendants' unauthorized use of Plaintiff's name, image, and likeness, Plaintiff suffered actual damages.

9



12726770-1

201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

47. Plaintiff has suffered and, unless Defendants are restrained from continuing the wrongful violation of Plaintiff's right of privacy under the common law of the State of Florida, will continue to suffer serious and irreparable harm for which he has no adequate remedy at law.

## COUNT IV
## FLORIDA COMMON LAW UNFAIR COMPETITION

Plaintiff repeats and incorporates each and every allegation in paragraphs 1 through 28, as if fully stated herein.

48. Plaintiff has the exclusive right to use and license the use of his name, image, and likeness for commercial and advertising purposes and has the right to prevent the unauthorized use of the same.

49. Defendants are using Plaintiff's name, image, and likeness in a manner that falsely suggests that Plaintiff is affiliated with or sponsors and endorses Defendants and/or Defendants' products.

50. Defendants falsely represent to the public that the Defendants' products are authorized, endorsed, sponsored, or otherwise approved by Plaintiff.

51. Defendants' acts have caused and are likely to cause confusion or mistake or deceive the public and potential and actual customers into believing that Defendants and/or Defendants' products are affiliated with, sponsored by, or somehow connected with Plaintiff, when they are in fact not.

52. Defendants have acted with full knowledge of Plaintiff's rights in and to his name, image, and likeness and with the intent to cause confusion or mistake or to deceive the public.

53. By using or continuing to use Plaintiff's name, image, and likeness, Defendants are trading upon the valuable goodwill which has been developed by Plaintiff through years of advertising and promotion.

10



54. Defendants' unlawful acts were not authorized or licensed by Plaintiff.

55. Defendants' unlawful acts constitute unfair competition, making false or misleading representations of fact, and false endorsement in violation of the common law of the State of Florida.

56. Plaintiff has been, and will be, irreparably damaged by Defendants' false endorsements in that consumers are likely to be induced into dealing with Defendants in the mistaken belief that Defendants' products are authorized, endorsed, sponsored, or otherwise approved by Plaintiff. Plaintiff has suffered and, unless Defendants are restrained from continuing the wrongful acts, will continue to suffer serious and irreparable harm for which he has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court find against Defendants on all causes of action herein, and:

A. Order Defendants to pay to Plaintiff:

(1) Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' acts of Federal and common law unfair competition.

(2) Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' acts of Florida common law invasion of privacy and violation of Plaintiff's statutory right of publicity including, pursuant to Fla. Stat. § 540.08(2), actual damages for the loss and injury sustained by Plaintiff including a reasonable royalty, punitive damages, and exemplary damages and, pursuant to Fla. Stat. § 540.08(3), statutory damages of up to $1,000.00 per violation.

B. Enter a finding that this is an exceptional case and order that Defendants be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) or otherwise award Plaintiff his reasonable attorney's fees;



C.  Permanently enjoin and restrain Defendants, its officers, directors, principals, managers, agents, servants, employees, and attorneys, and those in active concert or participation with any of the foregoing, from:

(1)  Advertising, promoting, offering for sale, or providing in any manner any goods or services in connection with or bearing the name, image, or likeness of Plaintiff;

(2)  Representing or suggesting in any fashion to any third party that Defendants' services are affiliated with, sponsored by, or otherwise connected with Plaintiff;

(3)  Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' products are authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff; and

(4)  Otherwise competing unfairly with Plaintiff or violating Plaintiff's right of publicity.

D.  Order Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which it has complied with the permanent injunction, pursuant to 15 U.S.C. § 1116(a); and

E.  Order that Plaintiff be awarded such other and further relief as the Court finds just.

Dated: January 29, 2024                    Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for Plaintiff*
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Main: (954) 712-5138
Facsimile: (954) 523-2872

By: *s/ Geoffrey Lottenberg*

12

Geoffrey Lottenberg
Florida Bar No. 56240
glottenberg@bergersingerman.com
drt@bergersingerman.com

13

12726770-1

BERGER SINGERMAN

201 EAST LAS OLAS BOULEVARD | SUITE 1500 | FORT LAUDERDALE, FLORIDA 33301
*t:* (954) 525-9900 | *f:* (954) 523-2872 | WWW.BERGERSINGERMAN.COM

## VERIFICATION

I, Gary Brecka, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing verified complaint are true and correct.

DocuSigned by:
0165822CBA044F3...

Gary Brecka
1/24/2024

Date

14

12726770-1

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM