**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO. 24-60162-CIV-DIMITROULEAS/HUNT**

GARY BRECKA, an individual,

        Plaintiff,

v.

THE INDIVIDUALS, ENTITIES, and
UNINCORPORATED ASSOCIATIONS
D/B/A GROUNDINGWELL AND
WELLNESS TODAY,

        Defendants.
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Plaintiff's petition for a permanent injunction, as well as an award of damages and attorney's fees. ECF No. 20. The Honorable William P. Dimitrouleas referred these issues to the undersigned United States Magistrate Judge. ECF No. 23; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of Plaintiff's Motion, the applicable law, and being otherwise fully advised in the premises, the undersigned RECOMMENDS Plaintiff's request be GRANTED IN PART and DENIED IN PART.

**Background**

Plaintiff is an influencer and business owner focused on the health industry. He frequently speaks at health and wellness conferences, and his client list includes notable individuals in the business and entertainment fields. In November of 2023, Defendants began running advertisements across various social media platforms—including Facebook and Instagram—featuring Plaintiff's name, image, and likeness without

Plaintiff's knowledge or consent.   The two ads featured a clip from one of Plaintiff's lectures, then transitioned to a discussion of Defendants' product.   The second of these ads also featured an artificially generated voiceover of Plaintiff explaining the benefits of Defendants' product.

Plaintiff filed this action under both the Lanham Act, 15 U.S.C. § 1051 et seq., and Florida statutory and common law, alleging that Defendants misappropriated and used his name, image, likeness and/or persona without authorization to create marketplace confusion and to falsely suggest that Plaintiff is affiliated with Defendants and endorses Defendants' products.   The Court entered a temporary restraining order and preliminary injunction.   Defendants did not respond to Plaintiff's Complaint, the Clerk issued an entry of default as to the Defendants, and Plaintiff then sought a final default judgment against Defendants.   The Court issued an Order to Show Cause requiring Defendants to respond, and, after Defendants failed to do so, the Court granted Plaintiff's Motion.   The Court then referred to the undersigned the issue of Plaintiff's damages and other relief requested.   At a status conference, Plaintiff suggested the undersigned could determine the matter on the record submitted.   This Court agrees, and the matter is now ripe for determination.

**Legal Standard**

"If the admitted facts in the Complaint establish liability, then the Court must determine the appropriate amount of any damages, including any award of attorneys' fees and costs allowed by the applicable statutes."   *See Suzuki Motor Corp. v. Jiujiang Hison Motor Boat Mfg. Co.*, No. 12-20626-CIV-SEITZ, 2012 WL 2873733, at *6 (S.D. Fla. June 29, 2012) (citation omitted).

**Discussion**

Plaintiff requests this Court enter a permanent injunction, as well as award him damages, punitive damages, and reasonable attorney's fees.   The undersigned addresses each request below.

a.  <u>Permanent injunction</u>

As an initial matter, Plaintiff seeks to convert the already-issued preliminary injunction, ECF No. 15, into a permanent injunction.

> [A] plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

*Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1286 (S.D. Fla. 2010) (quoting *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.,* 522 F.3d 1200, 1208 (11th Cir.2008)).   The primary difference between a preliminary and permanent injunction "is that for a preliminary injunction, a plaintiff must establish a likelihood of success on the merits, whereas a permanent injunction requires actual success on the merits." *Id.* at 1287 n.4 (citing *Touchston v. McDermott,* 234 F.3d 1133, 1157 (11th Cir.2000)).

Here, Plaintiff has received a default judgment on his claims and has therefore achieved actual success on the merits.   *See id.* at 1287.   The undersigned agrees with this Court's prior finding that allowing Defendants to continue this illegal conduct would cause irreparable harm to Plaintiff by damaging his reputation and depriving Plaintiff of the goodwill attached to his name and persona.   ECF No. 15 at *5.   Money damages alone are inadequate to compensate for such an injury. *Bialik v. Individuals, Bus. Entities,*

*or Unincorporated Associations Identified on Schedule A.*, No. 22-61142-CIV-BLOOM/VALLE, 2022 WL 18956098, at *5 (S.D. Fla. Nov. 30, 2022) ("An award of monetary damages alone will not cure the injury to Plaintiff's reputations and goodwill that will result if Defendant's unauthorized actions are allowed to continue.")

Additionally, the undersigned agrees that Defendants have no right to engage in their unauthorized and misappropriating activities, and therefore the balance of harms strongly favors Plaintiff.  ECF No. 15 at *5. Likewise, as this Court previously found, enjoining Defendants' unauthorized use of Plaintiff's name, image, and likeness serves the public interest. *Id.*  Finally, the undersigned finds that Defendants' cessation of the videos' use does not change the analysis.  *See Burger King Corp. v. Weaver*, 33 F. Supp. 2d 1037, 1041 (S.D. Fla. 1998) (concluding that plaintiff was entitled to injunctive relief despite defendant's claim that the issue was mooted by his voluntary cessation of use of plaintiff's trademarks).  The undersigned therefore recommends that the previously issued preliminary injunction be made permanent.

b. Damages

Plaintiff also asks for an award of damages based on the "fair market value" of his name, image, and likeness.  In support of this, Plaintiff posits that $100,000, which he attests is his standard "appearance fee" for speaking engagements and the associated use of his name, image, and likeness, should be used as a guide.  ECF 20-1 at *2-3.

Courts have looked to the 'fair market value' of a plaintiff's services to ascertain damages in similar cases.  *See, e.g., Canas v. Babe's S., Inc.*, No. 3:21CV942-MCR-HTC, 2023 WL 2885197, at *4 (N.D. Fla. Feb. 22, 2023), *report and recommendation adopted*, No. 3:21CV942-MCR-HTC, 2023 WL 4352078 (N.D. Fla. July 5, 2023); *Gibson*

4

*v. Cowboys Saloon Gainesville, LLC*, No. 1:18-CV-138-AW-GRJ, 2020 WL 3055453, at
*8 (N.D. Fla. Feb. 5, 2020*), report and recommendation approved in part*, No. 1:18-CV-
138-AW-GRJ, 2020 WL 1466412 (N.D. Fla. Mar. 25, 2020); *Souza v. Nowhere Bottle &
Soc. Club, Inc*., No. 19-24692-CIV-ALTONAGA, 2020 WL 13420543, at *6–*7 (S.D. Fla.
Feb. 27, 2020); *John Daly Enters., LLC v. Hippo Golf Co., Inc*., 646 F. Supp. 2d 1347,
1351–52 (S.D. Fla. 2009).  "Courts have found adequate evidence supporting a finding
of fair market value when: (1) the plaintiff demonstrates that he previously received
compensation for use of the infringed work; or (2) the plaintiff produces evidence of
benchmark licenses, that is, what licensors have paid for use of similar work." *BWP Media
USA Inc. v. HipHopzilla, Inc*., No. 1:14-CV-0016-AT, 2016 WL 4059683, at *2 (N.D. Ga.
May 26, 2016) (quoting *Thornton v. J Jargon Co*., 580 F. Supp. 2d 1261, 1276 (M.D. Fla.
2008)).  Plaintiff requests compensation for both advertisements, as well as for the two
platforms on which they appeared.  Plaintiff asks that these be counted as a total of four
appearances, for a total award of $400,000.  Plaintiff also seeks an additional award of
$100,000 for reputational harm.

The undersigned finds that through his affidavit Plaintiff has adequately
demonstrated that he typically receives the amount requested.  ECF 20-1 at *2-3.
However, that affidavit does not indicate that the $100,000 fee contemplates the use of
Plaintiff's name, image, and likeness on only one platform.   It would appear, then, that
the more reasonable award would be issued per advertisement, thus justifying an award
of damages of $200,000 for the advertisements themselves.

As for the additional award of $100,000 for reputational harm, the undersigned
acknowledges that "[h]arm to reputation caused by the misappropriation of a plaintiff's

likeness is a compensable damage." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1311 (M.D. Fla. 2010).  Plaintiff cites the *Coton* decision in making his request, and the undersigned finds the case instructive.

The plaintiff In *Coton* was a professional photographer and model whose photograph was used without permission on the packaging of a pornographic movie DVD. *Id.* The *Coton* plaintiff had no actual association with pornography.  Due to the unauthorized use of her photograph, the plaintiff was not hired by at least one major client. *Id.* Although the *Coton* court noted that the plaintiff had not demonstrated a particular pecuniary loss, the court nonetheless found that under the totality of these circumstances, $25,000 was reasonable compensation for harm to the plaintiff's reputation.  *Id.* at 1312.

Here, Plaintiff has not demonstrated the loss of any business due to the unauthorized use of his name, image, and likeness.  Still, "proof of actual harm need not be of pecuniary loss." *Id.* at 1311 (citations omitted).  The use of Plaintiff's likeness, like the *Coton* plaintiff, "has tarnished the plaintiff's image and disrupted h[is] ability to control that image." *Id. a*t 1312.  The undersigned similarly finds that $25,000 would adequately compensate Plaintiff for any damage to his reputation.  Plaintiff should, therefore, be awarded a total of $225,000 in actual damages.

c.  Punitive Damages

Plaintiff additionally requests an award of $1.5 million in punitive damages.  As an initial matter, Florida law generally limits a punitive damages award to the greater of either three times the compensatory damages award or $500,000.  Fla. Stat. § 768.73(1)(a). Because the undersigned recommends that Plaintiff's compensatory damages award be reduced to $225,000, Plaintiff is eligible for only $675,000 in punitive damages.

Nonetheless, Plaintiff may indeed be entitled to such damages.  *See* Fla. Stat. § 540.08(2).  That said, "punitive damages are reserved for particular types of behavior which go beyond mere intentional acts . . . and requires evidence of 'intentional, wanton and malicious disregard' for the plaintiff's rights."  *Coton*, 740 F. Supp. 2d at 1312 (citations omitted).  "In this context, a significant consideration is whether the defendant knew that it lacked permission to use the plaintiff's image."  *Id.*

The undersigned finds Defendants' actions justify punitive damages.  Not only did they use Plaintiff's images without his permission, artificially recreate Plaintiff's voice, and use both his image and voice in their advertisements, but Defendants also ignored numerous requests to take the advertisements down.  The undersigned finds such conduct adequately justifies punitive damages.

As for the amount to which Plaintiff is entitled, "[u]nder Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future."  *Myers v. Central Fla. Inv., Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010).  Additionally, a court should also be guided by three considerations when determining whether such an award is unconstitutionally excessive: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."  *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1264 (Fla. 2006) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003)).  The

award of such damages is at the Court's discretion.  *Diamond Tr. u/a/d 10/28/2005 v. Diamond*, No. 21-11985, 2022 WL 4493035, at *4–5 (11th Cir. Sept. 28, 2022).

Although the undersigned agrees the image use and manipulation of Plaintiff's voice was reprehensible, Plaintiff, as noted above, has not presented any evidence that he suffered any loss of any business due to the unauthorized use of his name, image, and likeness.  Given the considerations that must be taken into account, the undersigned finds that a punitive damage award of $225,000, doubling the actual damage award, would serve the dual purpose of punishment and deterrence while also remaining within the bounds of what is constitutionally allowed.

   d.  Attorney's Fees and Costs

The Lanham Act gives the Court discretion to award reasonable attorney's fees in "exceptional cases." 15 U.S.C. § 1117(a). Plaintiff argues this case is exceptional because Defendants wholly failed to appear, otherwise respond to any filing, or comply with this Court's orders.  However, default alone is not enough to convert a case to an "exceptional" case.  "[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).  "[M]aking a conscious choice to default is not enough to take this case out of the run of the mill category." *BMW of N. Am., LLC v. Cuhadar*, No. 6:14-cv-40-Orl-37DAB, 2014 WL 5420133, at *4 (M.D. Fla. July 10, 2014).  "Otherwise, every default case would warrant fees; a conclusion not justified by the statute." *Id.*

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 572 U.S. at 554.  Considering the limited record, the fairly straightforward nature of Plaintiff's claims, and Defendants' default, the undersigned sees nothing that would elevate this case to meet the "exceptional" standard required under the Lanham Act. *See Gibson*, 2020 WL 3055453, at *8 ("After careful consideration of this case's limited procedural history and Plaintiffs' relatively straightforward claims, the undersigned has not identified any factors that distinguish this case from the average Lanham Act case with respect to the parties' litigating positions.").  Although Plaintiff has also requested costs, Plaintiff has not filed a Bill of Costs or other accounting, and the request should therefore be denied.

### RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiffs' request for a permanent injunction, damages and attorney's fees, ECF No. 20, be GRANTED IN PART and DENIED IN PART.  The Motion should be granted to the extent that the previously-issued preliminary injunction, ECF No. 17, be made permanent. Plaintiff should also be awarded $225,000 in actual damages, as well as $225,000 in punitive damages, for a total damages award of $450,000.  The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely

object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE and SUBMITTED** at Fort Lauderdale, Florida, this 23rd day of January 2025.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record